**STATE of Texas, Appellant,**

v.

**CLEAR CHANNEL OUTDOOR, INC., Appellee.**

No. 01–07–00353–CV.

Court of Appeals of Texas, Houston (1st Dist.).

Sept. 11, 2008.

Bonnie Cox Lockhart, Assistant Attorney General, Gregory D. Miller, Assistant Attorney General, Susan Demarais Bonnen, Office of the Attorney General, Austin, TX, for Appellant.

Michael C. Falick, Sydney N. Floyd, Richard L. Rothfelder, Rothfelder & Falick, L.L.P., Houston, TX, for Appellee.

Panel consists of Justices TAFT, JENNINGS and BLAND.

## OPINION

JANE BLAND, Justice.

The State of Texas appeals the denial of its plea to the jurisdiction in Clear Channel Outdoor, Inc.'s claims for inverse condemnation and condemnation damages, contending that the facts alleged by Clear Channel fail to demonstrate that the State has waived sovereign immunity for those claims and, therefore, the trial court lacks subject matter jurisdiction over them. We affirm.

## Background

In 2001, Clear Channel obtained a leasehold interest in a parcel of land, identified as parcel 709, located in Harris County within view of the Katy Freeway. Pursuant to the lease, Clear Channel erected and maintained a billboard on the parcel.

In connection with a planned freeway expansion, the State petitioned to condemn parcel 709, and named the landowner and Clear Channel as defendants.

In the hearing on the State's petition, a panel of special commissioners appointed by the county civil court at law took evidence from the parties concerning the fair market value of the property. At that hearing, the State's appraiser informed the panel that he did not include the billboard structure in his opinion of value because the Texas Department of Transportation (TxDOT) told him that its policies dictated that billboard structures be treated as personal property. In accordance with the State's position, the special commissioners did not account for the fair market value of the billboard structure in their award. Clear Channel returned to the trial court to file its objections to the special commissioner's award and its counterclaim against the State for inverse condemnation. Then, Clear Channel moved for partial summary judgment on its counterclaim, contending that both the United States and Texas constitutions require payment of just compensation to Clear Channel for the billboard structure.

The State countered with a plea to the jurisdiction and response to the motion for partial summary judgment subject to its plea. The trial court denied the State's plea to the jurisdiction, an interlocutory decision which the State appeals. Tex. Civ. Prac. & Rem.Code § 51.014(a)(5) (Vernon 2008).

After the State filed this appeal, the trial court signed an agreed interlocutory judgment settling any dispute among the parties concerning the status of taxes due on the property, the amount of compensation the State owes to the landowner for the condemned real property, and the amount of compensation the State owes to Clear Channel for its leasehold interest in that

property. In addition, Clear Channel agreed to waive its right to seek compensation for billboard relocation expenses. The judgment specifies that the parties continue to dispute the issues raised in this appeal.

## Discussion

### *Standard of Review for Pleas to the Jurisdiction*

A plea to the jurisdiction is a dilatory plea that seeks dismissal of a case for lack of subject matter jurisdiction. *Harris County v. Sykes*, 136 S.W.3d 635, 638 (Tex.2004); *Villarreal v. Harris County*, 226 S.W.3d 537, 541 (Tex.App.–Houston [1st Dist.] 2006, no pet.). The question of whether a court has subject matter jurisdiction is a matter of law; accordingly, we review de novo the trial court's ruling on a plea to the jurisdiction. *Hoff v. Nueces County*, 153 S.W.3d 45, 48 (Tex.2004); *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex.2004). Governmental immunity from suit precludes the exercise of subject matter jurisdiction and thus is properly asserted in a plea to the jurisdiction. *Miranda*, 133 S.W.3d at 225–26; *Villarreal*, 226 S.W.3d at 541.

The purpose of a plea to the jurisdiction is to "defeat a cause of action without regard to whether the claims asserted have merit." *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000). It does not involve delving into the substance of the plaintiff's claims, but rather, examination of whether the merits of those claims should be reached. *Id.* Accordingly, in reviewing the trial court's ruling on plea to the jurisdiction, we construe the pleadings liberally in favor of the plaintiff and determine if the pleader has alleged facts that affirmatively demonstrate the court's jurisdiction to hear the cause. *Villarreal*, 226 S.W.3d at 541. If the pleadings lack sufficient facts to affir-

matively demonstrate the trial court's jurisdiction, but do not reveal incurable defects in jurisdiction, the issue is one of pleading sufficiency, and the trial court may either afford the plaintiff an opportunity to amend or await further development of the case on the merits. *Miranda*, 133 S.W.3d at 226–27. Conversely, if the pleadings affirmatively negate the existence of jurisdiction, then the trial court may grant a plea to the jurisdiction without providing the plaintiff an opportunity to amend. *Id.* at 227.

### *Inverse Condemnation*

Eminent domain empowers the State to take private property for public use without the consent of the property owner. *Villarreal*, 226 S.W.3d at 542, 544. Both the United States and Texas constitutions, however, prohibit the State from taking private property for public use without adequately compensating the property owner for its loss. U.S. CONST. amends. 5, 14; TEX. CONST. art. 1, § 17 (providing that "[n]o person's property shall be taken, damaged or destroyed for or applied to public use without adequate compensation being made, unless by the consent of such person …"); *see Almota Farmers Elevator & Warehouse Co. v. United States*, 409 U.S. 470, 473, 93 S.Ct. 791, 794 (1973); *Villarreal*, 226 S.W.3d at 542; *City of Houston v. Boyle*, 148 S.W.3d 171, 178 (Tex.App.–Houston [1st Dist.] 2004, no pet.).

When the State takes private property for public use without just compensation, the property owner may seek just compensation through a cause of action for inverse condemnation. *Villarreal*, 226 S.W.3d at 542. "Inverse condemnation occurs when (1) a property owner seeks (2) compensation for (3) property taken for public use (4) without process or

a proper condemnation proceeding." *Id.* (quoting *Boyle,* 148 S.W.3d at 178) (internal quotation omitted).

At the heart of the State's jurisdictional challenge lies the premise that the Clear Channel billboard structure is removable personal property, not a fixture. It contends that personalty is not compensable in a condemnation proceeding if it can be relocated, even if the personalty is affixed to the property at the time of the taking. The State points to Clear Channel's lease agreement, which provides that it owns the billboard structure, and must remove it upon cancellation of the lease. Thus, the State further contends, no intentional taking has occurred.

The State relies on *Logan v. Mullis,* 686 S.W.2d 605 (Tex.1985), to support its contention that the billboard structure is removable personal property. *Logan* sets forth a three-factor test for determining whether personalty has become a fixture: (1) the mode and sufficiency of annexation, either real or constructive; (2) the adaptation of the article to the use or purpose of the realty; and (3) the intention of the party that annexed the chattel to the realty. *See id.* at 607 (applying test to determine whether culvert was personalty or fixture, and thus whether appellant was liable for damages resulting from his removal of culvert when he abandoned easement). The State's reliance on *Logan* in the condemnation context, however, is misplaced. The *Logan* test, which is routinely used to determine ownership of a fixture or liability for an injury, conflicts with well-settled principles concerning whether a property owner has the right to compensation in the condemnation context. In contrast to the *Logan* test's focus on the property owner's intent as the pre-eminent factor, in the context of a condemnation claim, the owner's characterization of its property rights for other purposes is not

determinative of whether it constitutes a compensable property interest for which the State must pay just compensation. *See Almota,* 409 U.S. 470, 478 n. 5, 93 S.Ct. at 797 n. 5, 35 L.Ed.2d 1 (condemning authority cannot take advantage of agreement between lessor and lessee designating improvement by lessee as personal property); *accord Brazos River Conservation & Reclamation Dist. v. Adkisson,* 173 S.W.2d 294, 300 (Tex.Civ.App.–Eastland 1943, writ ref'd). Rather, the improvements to the land are considered part of the realty in takings cases. *State v. Carpenter,* 126 Tex. 604, 89 S.W.2d 979, 980 (1936). Consequently, we conclude that the *Logan* test does not apply to Clear Channel's condemnation claims. *See Harris County v. Clear Channel Outdoor, Inc.,* No. 14–07–00226–CV, 2008 WL 1892744, at *4 n. 3 (Tex.App.–Houston [14th Dist.] Apr. 29, 2008, no pet.).

Even so, application of *Logan* to the jurisdictional facts in the record under the standard of review applicable to this appeal supports affirmance of the trial court's decision. The record is undisputed that billboard structure permit applications require the builder to plant the support pole and affix the structure to the land by embedding the central pole in concrete. Clear Channel held a renewable, ten-year lease for parcel 709, and could not remove the billboard structure without destroying it. *See Logan,* 686 S.W.2d at 608 (holding that Logan's culvert was permanently attached to realty as matter of law based on evidence that tank was embedded under gravel road in clay or gravel, then packed with dirt, cement and wood pilings, and was difficult to remove once embedded, facts which revealed Logan's intent at time he built culvert); *Texas Pig Stands, Inc. v. Krueger,* 441 S.W.2d 940, 945 (Tex.App.–San Antonio 1969, writ ref'd n.r.e.) (holding that lessee was entitled to compensation for improvements

made on land under ten-year lease agreement where record showed improvements could not economically be removed); *see also Harris County Flood Control Dist. v. Roberts*, 252 S.W.3d 667, 672–73 (Tex. App.–Houston [14th Dist.] 2008, no pet.) (holding that evidence was legally sufficient to support trial court's determination that billboard sign structure was fixture at time of taking). This evidence meets Clear Channel's burden to raise a fact issue concerning the jurisdictional inquiry whether the billboard structure is a fixture. *See Miranda*, 133 S.W.3d at 228.

In the condemnation proceeding for parcel 709, the State conceded that it did not include the billboard structure in reaching a compensable value. In its counterclaim, Clear Channel alleges that the State intentionally exercised its right to take parcel 709 for public use, which resulted in a taking of Clear Channel's property interests in the billboard structure as well, and Clear Channel seeks compensation under Article I, section 17 of the Texas Constitution and the Fifth Amendment to the federal Constitution for the State's taking of those property interests.[1] We hold that the trial court properly denied the State's plea to the jurisdiction.[2]

### Conclusion

The trial court properly denied the State's plea to the jurisdiction. We therefore affirm the judgment of the trial court.

All pending motions are dismissed as moot.

---

1. We lack the jurisdiction in this interlocutory appeal to reach the State's contentions concerning the proper fair market value of Clear Channel's billboard structure or other issues presented in connection with the partial summary judgment proceedings. *See* TEX. CIV. PRAC. & REM CODE ANN. § 51.014(a)(5) (Vernon 2008). Our review at this juncture does not extend to whether the type or quantum of damages sought by Clear Channel constitutes the appropriate measure and amount of just compensation. *See Roberson v. City of Austin*, 157 S.W.3d 130, 138–39 (Tex.App.–Austin 2005, pet. denied) (reviewing propriety of damages question submitted to jury); *Tarrant Reg'l Water Dist. v. Gragg*, 43 S.W.3d 609, 625 (Tex.App.–Waco 2001) (reviewing legal sufficiency of damages award and observing that amount of damages is question of fact for jury), *aff'd*, 151 S.W.3d 546 (Tex.2004).

2. We decline the State's suggestion that we construe certain state statutes and municipal code provisions as narrowing a property owner's rights to just compensation in contravention of the federal and state constitutions.