**Wallace Maury POOLE d/b/a L & B Production, Appellant**

v.

**WEST HARDIN COUNTY CONSOLIDATED INDEPENDENT SCHOOL DISTRICT, Appellee.**

No. 09–10–00222–CV.

Court of Appeals of Texas, Beaumont.

Submitted Jan. 24, 2011.

Decided March 10, 2011.

---

2. As we affirm the judgment, we need not reach NICO's counter issue on appeal. *See* TEX.R.APP. P. 47.1, 47.4.

55

Richard L. Coffman, The Coffman Law Firm, Beaumont, for Appellant.

Todd A. Clark, Adrienne Bucher, Walsh, Anderson, Brown, Gallegos & Green, P.C., Austin, Appellee.

Before McKEITHEN, C.J., KREGER and HORTON, JJ.

## MEMORANDUM OPINION

STEVE MCKEITHEN, Chief Justice.

Wallace Maury Poole d/b/a L & B Production ("Poole") sued West Hardin County Consolidated Independent School District ("West Hardin") for violations of Article I, sections 17 and 19 of the Texas Constitution. *See* Tex. Const. art. I, §§ 17, 19. The trial court granted West Hardin's plea to the jurisdiction and ordered that Poole take nothing by his lawsuit. On appeal, Poole challenges the trial court's ruling on West Hardin's plea to the jurisdiction and the trial court's failure to file findings of fact and conclusions of law. We affirm the trial court's judgment in part and reverse and remand in part.

## Background

In his affidavit, Poole explained the facts preceding his lawsuit against West Hardin. According to his affidavit, Poole purchased the Hooks Sterling lease in 1996. L & B became the lease operator and working interest owner. In 2002, West Hardin's attorney contacted Poole regarding a claim for delinquent taxes. When Poole disputed the claim, West Hardin sued Poole. Poole alleged that he presented evidence that no taxes were owed. West Hardin's attorney allegedly promised to dismiss the lawsuit. Nevertheless, in 2004, West Hardin obtained an *in rem* judgment against Poole.

In 2005, West Hardin foreclosed on its tax lien. Around this time, the Railroad Commission instructed Poole to plug a well on the lease. Poole learned that West Hardin was the new non-operator, working-interest owner and was attempting to sell the interest to a third party. West Hardin's attorney allegedly threatened Poole with criminal prosecution and a civil lawsuit, should he re-enter the lease, and accused him of destroying property and stealing equipment. West Hardin did not remove Poole as the lease operator.

The Railroad Commission ordered Poole to plug a well on the lease. Poole asked West Hardin to vacate the *in rem* judgment and return the lease to L & B. Poole refused to repurchase the lease working interest from West Hardin. Because of West Hardin's alleged conduct and threats, Poole declined to plug the well. The Railroad Commission plugged the well and the Texas Attorney General sued Poole to re-

cover expenses. Poole resolved the lawsuit, but allegedly remained liable for well-plugging and clean-up costs.

Poole subsequently sued West Hardin for violations of the takings and due course of law clauses of the Texas Constitution. Tex. Const. art. I, §§ 17, 19.[1] Poole alleged that, in violation of the takings clause, West Hardin wrongfully and intentionally:

(i) sought to recover back taxes on the Lease ... that ... were not due, (ii) prosecuted the tax collection suit and secured a judgment after directly representing ... that the suit would be dismissed, (iii) filed a tax lien on the Lease, (iv) foreclosed on the lien, (v) purchased the Lease at the tax lien foreclosure sale while simultaneously engaging in negotiations with a third party to purchase the Lease for a substantial profit, (vi) bullied Poole with bogus criminal accusations, (vii) threatened Poole with criminal prosecution and/or a civil lawsuit if he returned to the Lease, and (viii) strong armed Poole into paying the bogus back taxes after [West Hardin's] third party deal fell through[;]

... refused to resolve this situation and/or replace Poole as Lease operator—thereby playing Poole against the [Railroad] Commission and causing Poole to pay excessive well plugging costs and Lease clean-up costs, all (or a substantial portion of which) were the liability of [West Hardin;]. . . .

... inflicted substantial economic harm on Poole, took his property interest in the Lease, denied Poole all economically viable uses of the Lease and/or unreasonably interfered with Poole's rights to use and enjoy the Lease.

Poole alleged, in the alternative, that West Hardin "knew that the above harms were substantially certain to result from its wrongful and intentional actions." He alleged that West Hardin's actions, committed without his consent and without adequate compensation, were committed for public use and "proximately and/or directly" caused him to suffer substantial economic harm and the taking of his property.

Poole made similar allegations regarding violations of the due course of law clause. Tex. Const. art. I, § 19.

Poole sought fair compensation for the alleged taking, reimbursement for the well-plugging and clean-up costs, attorney's fees, and expenses.

Findings of Fact and Conclusions of Law

In issue two, Poole contends that he was harmed by the trial court's failure to file findings of fact and conclusions of law.

A party has a right to findings "after a conventional trial on the merits before the court." *IKB Indus. (Nigeria) Ltd. v. Pro–Line Corp.*, 938 S.W.2d 440, 442 (Tex.1997); *see* Tex.R. Civ. P. 296, 297. "In other cases, unless they serve no purpose such as when summary judgment is granted, findings of fact and conclusions of law are proper; however, a party cannot compel their preparation." *Haddix v. Am. Zurich Ins. Co.*, 253 S.W.3d 339, 345 (Tex. App.-Eastland 2008, no pet.). "When, as is the case with an order granting dismissal for lack of jurisdiction, a judgment is rendered as a matter of law, findings and conclusions, while not improper, have no purpose and should not be requested or considered on appeal." *F–Star Socorro, L.P. v. El Paso Cent. Appraisal Dist.*, 324 S.W.3d 172, 175 (Tex.App.-El Paso 2010, no pet.).

---

1. Because the amended version of section 17 contains no material changes applicable to this case, we cite to the current version of the Constitution. *See* Tex. Const. art. I. § 17.

Furthermore, "[a] trial court's failure to make findings is not harmful error if 'the record before the appellate court affirmatively shows that the complaining party suffered no injury.'" *Tenery v. Tenery*, 932 S.W.2d 29, 30 (Tex.1996) (quoting *Cherne Indus. v. Magallanes*, 763 S.W.2d 768, 772 (Tex.1989)). "Error is harmful if it prevents an appellant from properly presenting a case to the appellate court." *Id.* "In determining harm, the reviewing court considers whether the circumstances of the particular case would force an appellant to guess the reason or reasons that the trial court ruled against it." *Target Corp. v. Advanced Alarm Sys., Inc.*, No. 09–06–322 CV, 2007 WL 1628101, at *2, 2007 Tex.App. LEXIS 4431, at *6, (Tex.App.-Beaumont June 7, 2007, no pet.) (mem. op.).

In this case, Poole requested findings of fact and conclusions of law and filed a notice of past-due findings. The trial court did not respond. Assuming without deciding that the trial court erroneously failed to file findings of fact and conclusions of law, any error is harmless. A trial court's ruling on a plea to the jurisdiction is reviewed under a *de novo* standard. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004). Under a *de novo* standard of review, we exercise our "own judgment and redetermine[ ] each issue of fact and law." *Quick v. City of Austin*, 7 S.W.3d 109, 116 (Tex.1998). We "accord[ ] the original tribunal's decision absolutely no deference." *Id.* "[R]egardless of the trial court's subjective basis for its decision, a party challenging a ruling on a plea must address all independent grounds, and demonstrate that none support the court's decision." *F–Star*, 324 S.W.3d at 175. For these reasons, the trial court's findings would neither affect Poole's appeal nor our analysis. *See Haddix*, 253 S.W.3d at 346. We overrule issue two.

## Plea to the Jurisdiction

In issue one, Poole contends that the trial court improperly granted West Hardin's plea to the jurisdiction.

### *Standard of Review*

"Whether a court has subject matter jurisdiction is a question of law." *Miranda*, 133 S.W.3d at 226. Accordingly, we review a trial court's ruling on a plea to the jurisdiction under a *de novo* standard. *Id.*

"When a plea to the jurisdiction challenges the pleadings, we determine if the pleader has alleged facts that affirmatively demonstrate the court's jurisdiction to hear the cause." *Id.* "We construe the pleadings liberally in favor of the plaintiffs and look to the pleaders' intent." *Id.* "If the pleadings do not contain sufficient facts to affirmatively demonstrate the trial court's jurisdiction but do not affirmatively demonstrate incurable defects in jurisdiction, the issue is one of pleading sufficiency and the plaintiffs should be afforded the opportunity to amend." *Id.* at 226–27. "If the pleadings affirmatively negate the existence of jurisdiction, then a plea to the jurisdiction may be granted without allowing the plaintiffs an opportunity to amend." *Id.* at 227.

"[I]f a plea to the jurisdiction challenges the existence of jurisdictional facts, we consider relevant evidence submitted by the parties when necessary to resolve the jurisdictional issues raised[.]" *Id.* "If the evidence creates a fact question regarding the jurisdictional issue, then the trial court cannot grant the plea to the jurisdiction, and the fact issue will be resolved by the fact finder." *Id.* at 227–28. "[I]f the relevant evidence is undisputed or

fails to raise a fact question on the jurisdictional issue, the trial court rules on the plea to the jurisdiction as a matter of law." *Id.* at 228. "[W]e take as true all evidence favorable to the nonmovant[,]" and "indulge every reasonable inference and resolve any doubts in the nonmovant's favor." *Id.*

In its plea to the jurisdiction, West Hardin argued that the trial court lacked subject matter jurisdiction over Poole's lawsuit because Poole failed to state viable constitutional claims and did not exhaust his administrative remedies.

*Exhaustion of Administrative Remedies*

We first address West Hardin's contention that Poole failed to present his complaints to the board of trustees before filing suit, thereby failing to exhaust administrative remedies.

■■■■■ The Texas Commissioner of Education has exclusive jurisdiction over "(1) the school laws of this state; or (2) actions or decisions of any school district board of trustees that violate: (A) the school laws of this state, or (B) a provision of a written employment contract between the school district and a school district employee, if a violation causes or would cause monetary harm to the employee." Tex. Educ.Code Ann. § 7.057(a) (West Supp.2010); *Larsen v. Santa Fe Indep. Sch. Dist.*, 296 S.W.3d 118, 128 (Tex.App.-Houston [14th Dist.] 2009, pet. denied). "This grant of exclusive jurisdiction re-

quires such claimants to exhaust local school district grievance procedures before filing suit." *Larsen*, 296 S.W.3d at 128. An exception to the rule exists when a party asserts a constitutional claim.[2] *See Dotson v. Grand Prairie Indep. Sch. Dist.*, 161 S.W.3d 289, 291 (Tex.App.-Dallas 2005, no pet.). Where a party's constitutional claims are "ancillary to and supportive of a complaint about the board's handling of an employment contract or application of school law," the party must exhaust administrative remedies. *Jones v. Clarksville Indep. Sch. Dist.*, 46 S.W.3d 467, 474 (Tex. App.-Texarkana 2001, no pet.). Exhaustion is not required "if the constitutional claims stand alone as an attack on the policies or actions of the school board, or if the claims are for constitutional violations that are reflected by those actions of the board[.]" *Id.*

■■■ This case involves neither an employment contract nor the school laws of this state. Poole's takings and due course of law claims are not ancillary to any complaint about West Hardin's application of school law, but stand alone as an attack on West Hardin's actions that allegedly constitute violations of the Texas Constitution. *See* Tex. Educ.Code Ann. § 7.057(f)(2) (defining "[s]chool laws of this state"); *Jones*, 46 S.W.3d at 474; *see also Dotson*, 161 S.W.3d at 292–93; *Friona Indep. Sch. Dist. v. King*, 15 S.W.3d 653, 659 (Tex. App.-Amarillo 2000, no pet.); *Gibson v. Waco Indep. Sch. Dist.*, 971 S.W.2d 199,

---

**2.** Some courts have held that this exception only applies to the United States Constitution. *See Janik v. Lamar Consol. Indep. Sch. Dist.*, 961 S.W.2d 322, 323–24 (Tex.App.-Houston [1st Dist.] 1997, writ denied); *see also Hicks v. Lamar Consol. Indep. Sch. Dist.*, 943 S.W.2d 540, 542–43 (Tex.App.-Eastland 1997, no writ). These cases applied a prior version of the Education Code, which, unlike the current version, contained a " 'general' appeal to persons aggrieved by school board actions."

*Gibson v. Waco Indep. Sch. Dist.*, 971 S.W.2d 199, 202–03 (Tex.App.-Waco 1998), *vacated on other grounds by* 22 S.W.3d 849 (Tex. 2000); *see* Act of August 26, 1986, 69th Leg., 2d C.S., ch. 4, § 3, 1986 Tex. Gen. Laws 6, 10 (repealed 1995) (current version at Tex. Educ. Code Ann. § 7.057 (West Supp.2010)); *see also Jones v. Clarksville Indep. Sch. Dist.*, 46 S.W.3d 467, 473–75 (Tex.App.-Texarkana 2001, no pet.).

202–03 (Tex.App.-Waco 1998), *vacated on other grounds by* 22 S.W.3d 849 (Tex. 2000). Thus, Poole was not required to exhaust administrative remedies before filing suit against West Hardin in district court for violations of Article I, sections 17 and 19 of the Texas Constitution. *See Jones,* 46 S.W.3d at 474; *see also Dotson,* 161 S.W.3d at 292–93; *King,* 15 S.W.3d at 659; *Gibson,* 971 S.W.2d at 202–03.

### Due Course of Law Clause

We next address West Hardin's argument that Poole failed to state a viable due course of law claim because he seeks monetary, non-equitable relief.

 "[N]o waiver of sovereign immunity is necessary before one may sue the State for the taking of a vested property right without due course of law." *Tex. State Employees Union/CWA Local 6184 A.F.L.C.I.O. v. Tex. Workforce Comm'n,* 16 S.W.3d 61, 66 (Tex.App.-Austin 2000), *disapproved of on other grounds by Miranda,* 133 S.W.3d at 224 n. 4. Although a party may sue for equitable relief based on a constitutional violation, "there is no implied private right of action for damages under the Texas Constitution[.]" *City of Beaumont v. Bouillion,* 896 S.W.2d 143, 148–49 (Tex.1995); *see Univ. of Tex. Sys. v. Courtney,* 946 S.W.2d 464, 468–69 (Tex. App.-Fort Worth 1997, writ denied).

 In this case, Poole contends that he seeks equitable relief in the form of "fair compensation for [West Hardin's] wrongful and intentional taking of his Lease working interest and/or amounts paid (and potentially to be paid) to plug wells on the Lease and/or clean-up the Lease (plus all related attorney's fees and expenses)[.]" However, this is not a claim

for equitable relief. *See Bouillion,* 896 S.W.2d at 149 (Equitable relief is "different from seeking compensation for damages, or compensation in money for a loss or injury."); *City of Arlington v. Randall,* 301 S.W.3d 896, 906 (Tex.App.-Fort Worth 2009, pet. filed). Because Poole seeks monetary, non-equitable relief, his pleadings affirmatively negate the existence of jurisdiction over his due course of law claim. *Miranda,* 133 S.W.3d at 227; *Hamilton v. Pechacek,* 319 S.W.3d 801, 812 (Tex.App.-Fort Worth 2010, no pet.); *see generally Harris County Hosp. Dist. v. Tomball Reg'l Hosp.,* 283 S.W.3d 838, 849 (Tex.2009) (finding Tomball Hospital Authority sought money damages, never amended its petition to request non-monetary relief, and did not ask the Court to remand in order to replead); *see also Randall,* 301 S.W.3d at 906–08 (affirming dismissal of monetary claim, but remanding to allow Randall to replead injunctive claims). The trial court properly granted West Hardin's plea to the jurisdiction as to Poole's due course of law claim.[3] *See Courtney,* 946 S.W.2d at 468–69.

### Takings Clause

Finally, we address West Hardin's contention that Poole failed to state a viable takings claim.

 "[S]overeign immunity does not shield the State from a claim based upon a taking under Article I, section 17 of the Texas Constitution, known as the 'takings clause.'" *State v. Holland,* 221 S.W.3d 639, 643 (Tex.2007); *see* Tex. Const. art. I, § 17. "An inverse condemnation may occur if, instead of initiating proceedings to condemn property through its powers of eminent domain, the government intentionally physically appropriates

---

3. Unlike the due course of law clause, the takings clause "provides a textual entitlement to compensation in its limited context." *City*

*of Beaumont v. Bouillion,* 896 S.W.2d 143, 149 (Tex.1995); *see* Tex. Const. art. I, §§ 17, 19.

or otherwise unreasonably interferes with the owner's right to use and enjoy his or her property." *State v. Brownlow,* 319 S.W.3d 649, 652 (Tex.2010). "The essence of an inverse condemnation proceeding is that the government has intentionally taken or unreasonably interfered with an owner's use of property and the property owner is attempting to recover compensation for the lost or impaired rights." *Id.*

■ West Hardin contends that the trial court lacks subject matter jurisdiction over Poole's takings claim because (1) it constitutes an impermissible collateral attack on the *in rem* judgment, (2) Poole no longer had a vested property interest in the lease after the foreclosure sale, and (3) Poole's damages result from his own conduct.

■ "A person asserting a valid article I takings claim must show that it has a vested property interest." *Cypress Forest Pub. Util. Dist. v. Kleinwood Mun. Util. Dist.,* 309 S.W.3d 667, 675 (Tex.App.-Houston [14th Dist.] 2010, no pet.); *see Combs v. City of Webster,* 311 S.W.3d 85, 92 (Tex. App.-Austin 2009, pet. denied). That property interest must exist at the time of the alleged taking. *Tex. Southern Univ. v. State St. Bank & Trust Co.,* 212 S.W.3d 893, 903 (Tex.App.-Houston [1st Dist.] 2007, pet. denied). At the time of the alleged taking in this case, Poole had a vested property interest in the lease. The actions of which Poole complains all arise out of West Hardin's alleged taking of Poole's interest in the lease. Whether Poole caused some or all of his damages goes to the question of what amount of just compensation, if any, could be recovered, which is an issue we need not address at this juncture. *See State v. Clear Channel Outdoor, Inc.,* 274 S.W.3d 162, 166 n. 1 (Tex.App.-Houston [1st Dist.] 2008, no pet.) ("Our review at this juncture does not extend to whether the type

or quantum of damages sought by Clear Channel constitutes the appropriate measure and amount of just compensation.").

■ Additionally, a collateral attack on a prior judgment may affect the merits of a party's claim, but it is not a jurisdictional issue. *See Dolenz v. Vail,* 200 S.W.3d 338, 341 (Tex.App.-Dallas 2006, pet. denied); *see also Herrera v. Household Fin. Corp. III,* No. 04–08–00134–CV, 2009 WL 1154704, at *4, 2009 Tex.App. LEXIS 2915, at **12–13 (Tex.App.-San Antonio Apr. 29, 2009, no pet.) (mem. op.), *but see Wilbourne v. HFE Dev. Corp.,* No. 03–08–00430–CV, 2009 WL 4757451, at *3–7, 2009 Tex.App. LEXIS 9439, at **9–18 (Tex. App.-Austin Dec. 9, 2009, no pet.) (mem. op.) (holding that plea to the jurisdiction was improperly denied because declaratory judgment action was an improper collateral attack). That Poole's takings claim may constitute an improper collateral attack on the *in rem* judgment does not deprive the trial court of jurisdiction. Accordingly, the trial court erred by granting West Hardin's plea to the jurisdiction as to Poole's takings claim.

In summary, we sustain Poole's first issue in part. We affirm that portion of the trial court's judgment dismissing Poole's due course of law claim. We reverse that portion of the trial court's judgment granting West Hardin's plea to the jurisdiction on Poole's takings claim and remand this case to the trial court for further proceedings consistent with this opinion.

AFFIRMED IN PART; REVERSED AND REMANDED IN PART.