# IN THE SUPREME COURT OF TEXAS

════════════

No. 11-0362

════════════

WEST HARDIN COUNTY CONSOLIDATED
INDEPENDENT SCHOOL DISTRICT, PETITIONER,

v.

WALLACE MAURY POOLE D/B/A L&B PRODUCTION, RESPONDENT

════════════════════════════════════════════════════════

ON PETITION FOR REVIEW FROM THE
COURT OF APPEALS FOR THE NINTH DISTRICT OF TEXAS

════════════════════════════════════════════════════════

**PER CURIAM**

The West Hardin County Consolidated Independent School District obtained an *in rem* delinquent property tax judgment against an oil and gas lease that Wallace Maury Poole owned and operated. Poole did not appeal, and the District foreclosed its judgment lien on the leasehold, taking ownership. The Railroad Commission then directed Poole to plug a well on the lease, *see* TEX. NAT. RES. CODE § 89.022(d), which Poole failed to do. Poole asserted that the responsibility lay with the District, the new owner, or alternatively, that the District had prevented him from re-entering the premises with threats of criminal prosecution. Ultimately, the Commission, after a hearing, ordered Poole to plug the well, *see id.* § 89.042, and assessed a penalty against him, *see id.* § 89.046. Poole did not seek judicial review of the order, *see id.* § 89.087, and when he failed to comply, the

Commission plugged the well and brought an enforcement action in court to recover the costs of the operation and the penalty, *see id*. § 89.121. Poole and the Commission settled.

Poole then sued the District, alleging in part that the District's actions had resulted in a taking of his property requiring compensation under article 1, section 17 of the Texas Constitution. The trial court dismissed Poole's action for want of jurisdiction, but the court of appeals reversed and remanded with respect to the takings claim. ___ S.W.3d ___ (Tex. App.–Beaumont 2011).

Poole tells us that he seeks "damages that resulted after [the District] foreclosed on [his] property, including the amounts that he had to pay . . . for plugging the wells on the lease and . . . related attorneys' fees and expenses". Respondent's Brief on the Merits 4. The "essence" of his complaint, he says, is that the District "refused to resolve this situation and/or replace Poole as Lease operator—thereby playing Poole against the Commission and causing Poole to pay excessive well plugging costs and Lease clean-up costs, all (or a substantial portion of which) were the liability of [the District]." *Id.* at 4-5. Poole thus contends only that the District has injured him, not that it has taken his property without compensation. "The text of section 17 waives immunity only when one seeks adequate compensation for property lost" to a governmental entity. *City of Beaumont v. Bouillion*, 896 S.W.2d 143, 149 (Tex. 1995). Poole's allegations do not assert a taking for which immunity from suit is waived.

The District argues that Poole is making an impermissible collateral attack on the tax judgment. The court of appeals concluded that even if the District was correct, the trial court had jurisdiction to consider Poole's claim. ___ S.W.3d at ___. But Poole insists that "this lawsuit does not challenge the findings of any prior tax owed and does not seek to set aside or avoid any prior

2

judgment: it seeks redress for damages caused to Poole by [the District's] subsequent bad acts." Respondent's Brief on the Merits 11. Poole does not make a collateral attack for the trial court to consider.

The court of appeals held that the trial court had jurisdiction only over Poole's takings claim. Poole asserts in this Court no other ground for jurisdiction. We conclude that the trial court correctly dismissed Poole's case. Accordingly, we grant the District's petition for review, and without hearing oral argument, TEX. R. APP. P. 59.1, reverse the judgment of the court of appeals and render judgment dismissing the case.

Opinion delivered: October 26, 2012