**COLUMBUS INDEPENDENT SCHOOL DISTRICT, Appellant,**

v.

**FIVE OAKS ACHIEVEMENT CENTER, Appellee.**

No. 14–04–00129–CV.

Court of Appeals of Texas, Houston (14th Dist.).

April 21, 2005.

---

Todd Aaron Clark, Austin, for appellant.

Kevin Thomas O'Hanlon, Leslie L. McCollom, Austin, for appellee.

Panel consists of Justices YATES, EDELMAN, and GUZMAN.

## OPINION

RICHARD H. EDELMAN, Justice.

In this accelerated interlocutory appeal,[1] Columbus Independent School District ("CISD") appeals the denial of its plea to the jurisdiction on the grounds that: (1) Texas Education Code section 11.151 does not provide a waiver of its immunity from suit; (2) a school district cannot waive such immunity by conduct; and (3) Five Oaks Achievement Center ("Five Oaks") did not adequately exhaust its administrative remedies before filing suit. We affirm.

## Background

Five Oaks sued CISD to collect payments allegedly due on a contract to provide special education services. CISD filed a plea to the jurisdiction, claiming immunity from suit and failure to exhaust administrative remedies, which the trial court denied.

## Immunity from Suit

Governmental immunity provides immunity from suit to subdivisions of a state, including school districts. *Harris County v. Sykes*, 136 S.W.3d 635, 638 (Tex. 2004). When a governmental unit contracts with a private party, it thereby waives immunity from liability, but not immunity from suit. *Catalina Dev., Inc. v. County of El Paso*, 121 S.W.3d 704, 705 (Tex.2003). As applicable to this case,[2] immunity from suit can be waived only by a constitutional provision or legislative en-

actment that is expressed in clear and unambiguous language. *Wichita Falls State Hosp. v. Taylor*, 106 S.W.3d 692, 695–96 (Tex.2003). A party suing a governmental entity must establish the State's waiver of immunity from suit. *Tex. Dep't of Transp. v. Jones*, 8 S.W.3d 636, 638 (Tex.1999). A trial court's ruling on a plea to the jurisdiction based on immunity from suit is reviewed *de novo. Tex. Natural Res. Conservation Comm'n v. IT–Davy*, 74 S.W.3d 849, 855 (Tex.2002).

The statute upon which Five Oaks relies to provide a waiver of CISD's immunity from suit is section 11.151 of the Texas Education Code ("section 11.151"):

> The trustees of an independent school district constitute a body corporate and in the name of the district may acquire and hold real and personal property, *sue and be sued*, and receive bequests and donations or other moneys or funds coming legally into their hands.

TEX. EDUC.CODE ANN. § 11.151 (Vernon Supp.2004–05) (emphasis added). In *Missouri Pacific*, the Texas Supreme Court (the "Court") held that a statute similarly authorizing navigation districts to "sue and be sued" was a "general consent for [the] District to be sued in the courts of Texas in the same manner as other defendants," and that the District was therefore a "political subdivision that is always subject to suit by virtue of a general statute...." *Mo. Pac. R.R. Co. v. Brownsville Navigation Dist.*, 453 S.W.2d 812, 813–14 (Tex. 1970). Based on this conclusion, the Court reversed the decisions of the lower courts

---

1. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 51.014(8) (Vernon Supp.2004) (allowing interlocutory appeal of an order denying a plea to the jurisdiction); TEX.R.APP. P. 28.1 (providing that appeals allowed from interlocutory orders are to be accelerated).

2. Although not applicable to this case, immunity from suit can also be waived by a governmental entity affirmatively asserting claims in a lawsuit. *See Reata Constr. Corp. v. City of Dallas*, —— S.W.3d ——, ——, 2004 WL 726906 (Tex.2004).

that had granted the district's plea to the jurisdiction based on immunity from suit. *Id.* at 814.

Thereafter, the Legislature added section 311.034 to the Government Code, providing, "In order to preserve the legislature's interest in managing state fiscal matters through the appropriations process, a statute shall not be construed as a waiver of sovereign immunity unless the waiver is effected by clear and unambiguous language." TEX. GOV'T CODE ANN. § 311.034 (Vernon Supp.2004). However, rather than effecting a change in the law, this provision merely ratified the standard that the Court had previously recognized to be well-established since at least 1942.[3] In addition, the Court has since acknowledged that "sue and be sued" language at least arguably shows intent to waive immunity from suits (against counties),[4] and that "we have little difficulty recognizing the Legislature's intent to waive immunity from suit when a statute provides that a state entity *may be sued* or [5] that 'sovereign immunity to suit is waived.'" *Wichita Falls State Hosp.*, 106 S.W.3d at 696–97 (emphasis added). Based on these considerations, and particularly that the Court has not since overturned or limited its holding in *Missouri Pacific*, we are not at liberty to depart from its holding that "sue and be sued" language, such as in section 11.151, is a clear and unambiguous waiver of immunity from suit. Therefore, we overrule CISD's first issue and need not address its second issue, challenging any finding of waiver of immunity by conduct.

### Exhaustion of Administrative Remedies

▇ CISD's third issue contends that the trial court lacked jurisdiction because Five Oaks failed to exhaust its administrative remedies before filing suit on its claims. As authority for this position, CISD relies on section 7.057 of the Texas Education Code (the "Code"), which provides, with exceptions not applicable here, that "a person may appeal in writing to the commissioner if the person is aggrieved by: (1) the school laws of this state; or (2) actions or decisions of any school district board of trustees that violate: (A) the school laws of this state...." TEX. EDUC. CODE ANN. § 7.057(a)(1), (2)(A) (Vernon Supp.2004–05). For this purpose, "school laws of this state" means Titles 1 and 2 of the Code and rules adopted thereunder. *Id.* § 7.057(f)(2).

▇ District courts have general subject matter jurisdiction over disputes absent a showing to the contrary, such as that Texas law vests exclusive jurisdiction over a matter in an administrative agency. *In re Entergy Corp.*, 142 S.W.3d 316, 322 (Tex.2004). A state agency, such as the Texas Education Agency (the "TEA"), has exclusive jurisdiction where the Legislature has provided a pervasive regulatory scheme that is intended to be the exclusive means of remedying the problem to which the regulation is addressed. *Id.*

The predecessor statute to the Code provided, among other things, that "[t]he State Superintendent shall be charged with the administration of the school laws.... He shall hear and determine all

---

3. *See Wichita Falls State Hosp.*, 106 S.W.3d at 696; *Duhart v. State*, 610 S.W.2d 740, 742 (Tex.1980) ("It is a well-established rule that for the Legislature to waive the State's sovereign immunity, it must do so by clear and unambiguous language. *Texas Prison Board v. Cabeen*, 159 S.W.2d 523 (Tex.Civ.App.-Beaumont 1942, writ ref'd).").

4. *Travis County v. Pelzel & Assocs., Inc.*, 77 S.W.3d 246, 249–50 (Tex.2002).

5. Because of this disjunctive, we find no basis to conclude that express waivers are only those specifically referring to a waiver of immunity.

appeals from the rulings and decisions of subordinate school officers...." [6] Based on this provision, civil courts were held to have no jurisdiction over matters relating to the administration of school laws until resort was first made to school authorities. *See, e.g., Warren v. Sanger Indep. Sch. Dist.,* 116 Tex. 183, 288 S.W. 159, 160 (1926). However, even then, such exclusive jurisdiction applied only to matters placed under the supervision of school authorities. *Id.* Thus, a suit against a school district for breach of contract to buy school equipment was not a matter of administration of school laws that required exhausting administrative remedies before filing suit in district court. *Spring Branch Indep. Sch. Dist. v. Metalab Equip. Co.,* 381 S.W.2d 48, 48 (Tex.1964).

The current version of the Code no longer contains a provision charging the Commissioner (the "Commissioner") of the TEA (or other state official) with the administration of school laws, but does provide, as did its predecessors, that persons aggrieved by school laws of the State or decisions of school boards pertaining to those laws may appeal to the Commissioner. *See* Tex. Educ.Code Ann. § 7.057(a).[7] Therefore, to whatever extent any exclusive jurisdiction remains with the Commissioner or TEA under the current Code, it does not extend beyond issues governed by the school laws of the State, as set forth in the Titles 1 and 2 of the Code. In this case, because the pleadings of the parties purport to state no such issues, we see no basis to conclude that this lawsuit falls within any exclusive jurisdiction of the TEA. Accordingly, CISD's third issue is overruled, and the judgment of the trial court is affirmed.

---

**6.** Act of June 8, 1949, 51st Leg., R.S., ch. 334, 1949 Tex. Gen. Laws 644, *repealed by* Act of Sept. 1, 1969, 61st Leg., R.S., ch. 889, § 2, 1969 Tex. Gen. Laws 3024.

**7.** The Code further provides that the TEA "shall conduct hearings involving state school law at the direction and under the supervision of the commissioner." Tex Educ.Code Ann. § 7.021(b)(3) (Vernon Supp.2004–05).