COLUMBUS INDEPENDENT
SCHOOL DISTRICT,
Petitioner,

v.

FIVE OAKS ACHIEVEMENT
CENTER, Respondent.

No. 05–0414.

Supreme Court of Texas.

June 30, 2006.

---

**42.** *See Pub. Util. Comm'n v. City Pub. Serv. Bd. of San Antonio,* 53 S.W.3d 310, 316 (Tex. 2001).

**43.** *Fristoe,* 45 S.W. at 999.

**44.** *See Fed. Sign v. Tex. S. Univ.,* 951 S.W.2d 401, 405–06 (Tex.1997).

385

Todd A. Clark, Eric W. Schulze, for petitioner.

Kevin T. O'Hanlon, Leslie L. McCollom, for respondent.

PER CURIAM.

■ Five Oaks Achievement Center sued Columbus Independent School District for breach of a contract to provide special education services. The trial court overruled the District's plea to the jurisdiction based on immunity from suit and exhaustion of remedies, and the District took an interlocutory appeal. The court of appeals affirmed. 162 S.W.3d 812 (Tex. App.—Houston [14th Dist.] 2005). The court of appeals held that the District's immunity is waived by section 11.151(a) of the Education Code, which states:

> The trustees of an independent school district constitute a body corporate and in the name of the district may acquire and hold real and personal property, sue and be sued, and receive bequests and donations or other moneys or funds coming legally into their hands.

For the reasons explained today in *Tooke v. City of Mexia,* 197 S.W.3d 325, 2006 WL 1792223 (Tex.2006), we disagree that section 11.151(a) is a clear and unambiguous waiver of immunity. We also disagree with Five Oaks' argument that a provision in its agreement with the District that "any recourse to judicial action under this contract shall be in the courts" was a clear waiver of immunity from suit. The provision is a mere tautology, that judicial recourse is to the courts. We do not reach the question whether a municipality *may* waive immunity from suit in a contract; we hold only that the text here is not such a waiver.

■ The District contends that before filing suit, Five Oaks was required to seek relief from the Commissioner of Education under section 7.057(a) of the Education Code, which provides for an appeal to the Commissioner from school district actions that "violate ... the school laws of this state". We agree with the court of appeals that a vendor's claim for breach of a contract to provide a school district services like those involved here does not complain of a violation of Texas school laws. *Spring Branch Indep. Sch. Dist. v. Metalab Equip. Co.,* 381 S.W.2d 48, 48 (Tex.1964) (per curiam).

While this case has been pending on appeal, the Legislature has enacted sections 271.151–.160 of the Local Government Code, which waive immunity from suit for certain claims against local govern-

mental entities, including public school districts. Sections 271.152–.154 "apply to a claim that arises under a contract executed before [September 1, 2005] ... if sovereign immunity has not been waived with respect to the claim" before that date. Act of May 23, 2005, 79th Leg., R.S., ch. 604, § 2, 2005 Tex. Gen. Laws 1548, 1549. Five Oaks should have the opportunity to argue in the trial court that the District's immunity is waived by these provisions.

Accordingly, we grant the District's petition for review, and without hearing oral argument, TEX. R. APP. P. 59.1, we reverse the judgment of the court of appeals and remand the case to the trial court for further proceedings.

Justice WILLETT did not participate in this decision.