ACCEPTED
13-15-00033-CV
THIRTEENTH COURT OF APPEALS
CORPUS CHRISTI, TEXAS
6/4/2015 4:47:56 PM
DORIAN RAMIREZ
CLERK

**No. Cause No. 13-15-00033-CV**

FILED IN
13th COURT OF APPEALS
CORPUS CHRISTI/EDINBURG, TEXAS
6/4/2015 4:47:56 PM
CECILE FOY GSANGER
Clerk

In the Court of Appeals
For the Thirteenth Judicial District of
Corpus Christi-Edinburg, Texas

ADAN PEREZ, JR.,
*Appellant*

v.

WESLACO INDEPENDENT SCHOOL DISTRICT,
*Appellee*

**Brief of Appellee Weslaco Independent School District**

**Walsh, Gallegos, Treviño,
Russo & Kyle, P.C.**
Stacy T. Castillo
Texas Bar No. 00796322
scastillo@wabsa.com
D. Craig Wood
Texas Bar No. 21888700
cwood@wabsa.com
Miguel A. Saldaña
Texas Bar No. 17529450
msaldana@wabsa.com
100 N.E. Loop 410, #900
San Antonio, Texas 78216
(210) 979-6633 (phone)
(210)979-7024 (fax)

Attorneys for Appellee

**Oral Argument Not Requested**

## Identity of the Parties and Counsel

Appellee Weslaco Independent School District certifies that the following is a complete list of the parties to the trial court's order from which Appellant appeals, as well as the trial and appellate counsel.

A.    **Appellant – Adan Perez, Jr.**

The attorneys of record for Appellant Adan Perez, Jr. are Andrew K. Meade and Samuel B. Haren.  Their addresses are:

**Hawash Meade Gaston Neese & Cicack, LLP**

Andrew K. Meade
Texas Bar No. 24032854
ameade@hmgnc.com
Samuel B. Haren
Texas Bar No. 24059899
sharen@hmgnc.com
2118 Smith Street
Houston, Texas 77002
(713) 658-9001 (phone)
(713) 658-9011 (fax)

B.    **Appellee - Weslaco Independent School District**

The attorneys of record for Appellee are Stacy T. Castillo, D. Craig Wood, and Miguel A. Saldaña.  Their address is:

**Walsh, Gallegos, Treviño, Russo & Kyle, P.C.**

Stacy T. Castillo (Appeal)
Texas Bar No. 00796322
scastillo@wabsa.com
D. Craig Wood (Appeal)
Texas Bar No. 21888700
cwood@wabsa.com
Miguel A. Saldaña (Trial)

Texas Bar No. 17529450
msaldana@wabsa.com
100 N.E. Loop 410, # 900
San Antonio, Texas 78216
(210) 979-6633 (phone)
(210) 979-7024 (fax)

# Table of Contents

Identity of the Parties and Counsel ...........................................................i

Table of Contents ............................................................................ iii

Index of Authorities .........................................................................v

Statement of the Case.........................................................................x

Statement on Oral Argument ................................................................. xii

Issues Presented on Appeal................................................................... xiii

Statement of Facts.............................................................................2

Summary of the Argument.....................................................................5

Argument.......................................................................................6

    **A.**    Standard of Review ........................................................6
    **B.**    The trial court lacked jurisdiction over Perez' claims
           under the Texas Whistleblower Act................................................9
      **1.** Perez cannot establish causation. ......................................10
      **2.** Perez cannot establish he reported a violation of law to the
          appropriate law enforcement authority .........................................15
      **3.** Perez failed to properly initiate and meaningfully
          participate in the administrative process.......................................16
      **4.** Perez failed to file his grievance and this suit within
          the applicable limitations period ..............................................18
    **C.**    The trial court lacked jurisdiction over Perez' contractual
           and constitutional claims for "breach of reasonable expectation
           of contract renewal claims."....................................................19
      **1.** Perez was not deprived due process...................................20
      **2.** The District is immune from Perez' breach of implied
          contract claim ...............................................................23

**3.** Perez failed to exhaust his administrative remedies for
his breach of reasonable expectation of contract renewal .............26
a. Implied contract claim ...................................................26
b. Constitutional claim.....................................................27

Conclusion and Prayer ...........................................................................30

Certificate of Service ............................................................................31

Certificate of Compliance .....................................................................32

# Index of Authorities

**Cases**

*Aguilar v. Socorro Indep. Sch. Dist.,*
   296 S.W.3d 785 (Tex. App. – El Paso 2009, no pet.) ..........................................18

*Alfonso v. Skadden,*
   251 S.W.3d 52 (Tex. 2008), *cert. denied,* 555 U.S. 944 (2008)............................6

*Bates v. Texas State Tech. College,*
   983 S.W.2d 821 (Tex. App. – Waco 1998, pet. denied) .....................................22

*Beiser v. Tomball Hosp. Auth.,*
   902 S.W.2d 721 (Tex.App.—Houston [1st Dist.] 1995, writ denied)..................17

*Bexar County v. Lopez*,
   94 S.W.3d 711 (Tex. App.—San Antonio 2002, no pet) ......................................6

*Bland Indep. Sch. Dist. v. Blue*,
   34 S.W.3d 547 (Tex. 2000)......................................................................... 6, 7, 8

*Board of Regents of State Colleges v. Roth,*
   408 U.S. 564 (1972)................................................................................. 20, 23

*Cantu v. Peacher*,
   53 S.W.3d 5 (Tex. App. – San Antonio 2001, writ denied) .................................15

*Canutillo Indep. Sch. Dist. v. Farran*,
   409 S.W.3d 653 (Tex. 2013) ..............................................................................11

*City of Elsa v. Gonzalez,*
   325 S.W.3d 622 (Tex. 2010) (per curiam) ...........................................................6

*City of Fort Worth v. Zimlich*,
   29 S.W.3d 62 (Tex. 2000)....................................................................................10

*City of Houston v. Swinerton Builders, Inc.*,
   233 S.W.3d 4 (Tex. App. –Houston [1st Dist.] 2007, no pet.)............................25

*Cleveland Bd. of Educ. v. Loudermill*,
470 U.S. 532 (1985).................................................................................21

*Columbus Indep. Sch. Dist. v. Five Oaks Achievement Ctr.*,
197 S.W.3d 384 (Tex. 2006) ..................................................................24

*County of Cameron v. Brown*,
80 S.W.3d 549 (Tex. 2002)........................................................................6

*Dallas Cen. Appraisal Dist. v. Hamilto*n,
No. 05-99-01401-CV, 2000 WL 1048537 (Tex. App. - Dallas July 31, 2000, writ
dism'd) ....................................................................................................28

*Dotson v. Grand Prairie Indep. Sch. Dist.*,
161 S.W.3d 289 (Tex. App. - Dallas 2005, no pet)................................28

*El Paso Indep. Sch. Dist. v. McIntyre,*
No. 08-11-00329-CV, 2014 WL 3851313 (Tex. App. – El Paso Aug. 6, 2014,
pet. denied)........................................................................... 28, 29

*Farroux v. Denny's Restaurants, Inc.*,
962 S.W.2d 108 (Tex. App.—Houston [1st Dist] 1997, no pet.)........................14

*Fort Bend Indep. Sch. v. Gayle,*
371 S.W.3d 391 (Tex. App. – Houston [1st Dist.] 2012, pet. denied) ..................18

*Goodyear Tire & Rubber Co. v. Mayes,*
236 S.W.3d 754 (Tex. 2007) ..........................................................................11

*Govant v. Houston Comm. College Sys.,*
72 S.W.3d 69 (Tex. App. – Houston [14th Dist.] 2002, no pet.).................... 22, 23

*Gregg Cnty. v. Farrar*,
933 S.W.2d 769 (Tex. App. - Austin 1996, writ denied) ....................................17

*H & H Sand and Gravel, Inc. v. City of Corpus Christi,*
No. 13-06-00677-CV, 2007 WL 3293628 (Tex. App. –Corpus Christi 2007, pet. denied)........................................................................................25

*Hannemann v. Southern Door Cnty Sch. Dist.*,
673 F.3d 746 (7th Cir. 2012) .................................................................20

*Hicks v. Lamar Consol. Indep. Sch. Dist.,*
943 S.W.2d 540 (Tex. App. – Eastland 1997, no writ) ........................28

*Jackson v. Houston Indep. Sch. Dist.,*
994 S.W.2d 396 (Tex. App. – Houston [14th Dist.] 1999, no writ)......28

*Janik v. Lamar Consolidated Independent School District,*
961 S.W.2d 322 (Tex.App.-Houston [1st Dist.] 1997, writ denied) ............. 27, 28

*Kentucky Dep't of Corr. v. Thompson*,
490 U.S. 454 (1989)..............................................................................20

*McClain v. Lufkin Indus. Inc.,*
519 F.3d 264 (5th Cir.), *cert. denied* 555 U.S. 881 (2008) ....................6

*Mission Consol. Indep. Sch. Dist. v. Garcia,*
372 S.W.3d 629 (Tex. 2012) ...............................................................7, 8

*Mitchell v. Beaumont Indep. Sch. Dist.,* No. 1:05-CV-195,
2006 WL 2092585 (E.D. Tex. July 25, 2006) ......................................21

*Nelson v. Clements,*
831 S.W.2d 587 (Tex. App.—Austin 1992, writ denied).....................23

*Poole v. West Hardin County Consolidated Independent School District*,
385 S.W.3d 52 (Tex.App.-Beaumont 2011).........................................27

*Robison v. Wichita Falls & N. Tex. Comty. Action Corp.*,
507 F.2d 245 (5th Cir. 1975) ...............................................................21

*Rosenstein v. City of Dallas, Tex.*,
876 F.2d 392 (5th Cir. 1989), *cert. denied,* 488 U.S. 855 (1990) ........................21

*Satterfield & Pontikes Constr., Inc. v. Irving Indep. Sch. Dist.*,
197 S.W.3d 390 (Tex. 2006) ...............................................................................24

*Scott v. Godwin*,
147 S.W.3d 609 (Tex. App.-Corpus Christi 2004, pet. dism'd).........................10

*State v. Lueck,*
290 S.W.3d 876 (Tex. 2009) ........................................................................ 7, 8, 9

*Sullivan v. University of Tex. Health Science Center,*
No. 01-08-00327-CV, 2008 WL 5179023 (Tex. App. –Houston [1st Dist.] 2008,
pet. denied), *cert. denied,* 130 S.Ct. 471 (2009)....................................................23

*Tex. Ass'n of Bus. v. Tex. Air Control Bd.*,
852 S.W.2d 440 (Tex.1993).................................................................................20

*Tex. Dep't of Parks & Wildlife v. Miranda,*
133 S.W.3d 217 (Tex. 2004) ................................................................. 7, 8, 9, 11

*Tex. Dep't. of Transp. v. Jones*,
8 S.W.3d. 636 (Tex. 1999)...................................................................................24

*Tex. Dep't of Human Servs. v. Hinds*,
904 S.W.2d 629 (Tex. 1995) ...............................................................................10

*Tex. Nat. Res. Conservation Comm'n v. IT-Davy,*
74 S.W.3d 849 (Tex. 2002).................................................................................23

*Tooke v. City of Mexia,*
197 S.W.3d 325 (Tex. 2006) ........................................................................ 24, 25

*University of Tex. Med. Branch v. Barrett,*
159 S.W.3d 631 (Tex. 2005) ...............................................................................17

*University of Tex. Med. Sch. at Houston v. Than*,
901 S.W.2d 926 (Tex.1995)..................................................................20

*University of Tex. S.W. Med. Ctr. v. Gentilello,*
398 S.W.3d 690 (Tex. 2013) ...............................................................16

*Weslaco Indep. Sch. Dist. v. Perez,*
No. 13-12-00581-CV (Tex. App. – Corpus Christi-Edinburg July 25, 2013, no pet.) ............................................................................... 26, 29

*West Houston Charter Sch. Alliance v. Pickering,*
No. 01-10-00289, 2011 WL 3612288 (Tex. App. – Houston [1st Dist.] 2011, no pet.) ...........................................................................................17

**Statutes**

TEX. EDUC. CODE §7.057(a)(2)(B)............................................................26

TEX. GOV'T CODE §311.034.....................................................................18

TEX. GOV'T CODE §554.002(a) ...............................................................10

TEX. GOV'T CODE §554.005.....................................................................19

TEX. GOV'T CODE §554.006........................................................ 16, 17, 19

TEX. LOCAL GOV'T CODE § 271.151 ......................................................25

TEX. LOCAL GOV'T CODE § 271.152 ......................................................25

## Statement of the Case

Perez filed the underlying lawsuit against Weslaco Independent School District and its superintendent on or about March 8, 2011 alleging he was unlawfully terminated from his position as Risk Manager at the District in violation of the Texas Whistleblower Act and in breach of a reasonable expectation of contract renewal. *See* C.R. at 12-18. He also alleged violations of his right to due process, free speech, and equal protection under the Texas Constitution as well as breach of contract and unlawful retaliation. *Id.* On October 11, 2011, the District filed a Motion to Dismiss, seeking to dismiss the superintendent, Dr. Rivera, from the suit, and also filed a Plea to the Jurisdiction, seeking dismissal of Perez' contract claims, common law retaliation claim, and state constitutional claims for lack of jurisdiction. *See* C.R. at 19-77. In separate orders, the trial court denied both the Motion to Dismiss and the Plea to the Jurisdiction on September 13, 2012. *See* C.R. at 110, 111.

The District appealed those interlocutory orders, and on July 25, 2013 this Court reversed the trial court's orders, dismissing Perez' claims. *See* Supp. C.R. at 14-25, 26-35 (*Weslaco Indep. Sch. Dist. v. Perez,* Cause No. 13-12-00581-CV (Tex. App. – Corpus Christi –Edinburg July 25, 2013); *Weslaco Indep. Sch. Dist.*

x

*v. Perez,* Cause No. 13-12-00590-CV (Tex. App. – Corpus Christi-Edinburg July 25, 2013). Perez' claim for breach of reasonable expectation of contract renewal was dismissed without prejudice to provide Perez an opportunity to replead sufficient jurisdictional facts. *See* Supp. C.R. at 24-25.

Perez subsequently amended his Petition, alleging a whistleblower claim and contractual and constitutional "breach of reasonable expectation of contract renewal" claims. *See* C.R. 220-225, 410-415. He seeks equitable relief for alleged constitutional violations of his right to free speech and "property interest" in a reasonable expectation of contract renewal. *Id.* The District filed a Plea to the Jurisdiction. *See* C.R. 112-218. Perez filed his Response to the Plea, and the District timely filed its Reply. *See* C.R. 226-409, 416-426. On December 17, 2014, the trial court granted the Plea, dismissing Perez' claims. *See* C.R. 427. Perez then filed this appeal on January 16, 2015, and an amended Notice of Appeal on January 19. *See* C.R. 428-431.

## Statement on Oral Argument

Appellee does not request oral argument and does not feel that oral argument would materially aid the Court in deciding this matter.

## Issues Presented on Appeal

1.    Whether the trial court lacked jurisdiction over Perez' claims under the Texas Whistleblower Act.

2.    Whether the trial court lacked jurisdiction over Perez' contractual and constitutional claims for breach of reasonable expectation of contract renewal.

**No. Cause No. 13-15-00033-CV**

---

In the Court of Appeals
For the Thirteenth Judicial District of
Corpus Christi-Edinburg, Texas

---

ADAN PEREZ, JR.,
                                                    *Appellant*

v.

WESLACO INDEPENDENT SCHOOL DISTRICT,
                                                    *Appellee*

---

**Brief of Appellee**
**Weslaco Independent School District**

---

NOW COMES, Appellee Weslaco Independent School District (hereinafter the "District" or "WISD") and files this Brief of Appellee. As set out below, this Court should affirm the trial court's order dismissing Perez' whistleblower claims and claims for reasonable expectation of contract renewal.

## Statement of Facts

Appellant, Adan Perez, Jr., worked as a Risk Manager for Weslaco ISD. *See* C.R. at 410-411.[1] In his Second Amended Complaint, he alleges that he reported to his supervisor, administrators, and Board members that he believed the District was removing funds from its self-funded programs to use for the construction of a "Press Box" at the District's football stadium. *See* C.R. at 411. He alleges that he also reported to his supervisor that the alleged withdrawal of funds from the workers' compensation fund to re-fund the health insurance fund was an improper use of money. *Id.* Perez contends that he notified the Texas Education Agency (TEA) by phone and later in writing of these concerns. *Id.* at 411-412. In 2010, his work evaluation indicated that he did not work well with others and had an improper attitude. *Id.* at 412. His employment contract with the District was not renewed; his contract expired on June 2010. *Id.*

At his deposition, Perez testified that he first learned he was being non-renewed on February 5, 2010, when he received his evaluation. *See* C.R. at 182:18-25, 183:6-21, 189:5-9, 197:20-198:3, 198:4-8; *see also* C.R. 255-257. He admitted that he did not report his concerns to TEA until after he learned he was being non-renewed. *Id.* He filed a formal complaint with TEA on June 17, 2010. *See* C.R. at

---

[1] "C.R." denotes Clerk's Record. "Supp. C.R. denotes Supplemental Clerk's Record.

259-260, 412. He then initiated a grievance with the District on July 5, 2010. *See* C.R. at 167, 412. Perez' attorney sought and received several extensions to have the grievance heard, and the grievance was ultimately heard on December 1, 2010. *See* C.R. at 140-141, 420. The Level One grievance decision was issued on December 15, 2010. *See* C.R. at 140-141, 174-175. Perez never pursued any further appeals from his Level One grievance, although District policy provided for a three-step appeal process, through the School Board level. *Id.* at 140-141, 147-156.

Perez filed the underlying suit on March 8, 2011. *See* C.R. at 12-17. On October 11, 2011, the District filed a Plea to the Jurisdiction, First Amended Original Answer and Affirmative Defenses; the District also filed a Motion to Dismiss, seeking to dismiss Dr. Rivera from the suit. *See* C.R. at 19-21, 22-77. On September 15, 2012, the Court entered separate orders denying the Motion to Dismiss and the Plea to the Jurisdiction, respectively. *See* C.R. at 110, 111. The District timely appealed from those Orders, and this Court reversed the trial court decisions. *See* Supp. C.R. 14-25, 26-33. The Court dismissed Perez' constitutional claims for damages and common-law retaliation claims. *Id.* The Court further dismissed the breach of contract claims for failure to exhaust administrative remedies. *Id.* Addressing Perez' reasonable expectation of contract

renewal claim, the Court remanded the claim to give Perez an opportunity to sufficiently plead jurisdiction over that claim. *Id.* All claims against the superintendent were dismissed. *Id.*

After mandate was issued, on October 28, 2014, the District filed another Plea to the Jurisdiction, seeking dismissal of Perez' whistleblower claims and his reasonable expectation of renewal claim. *See* C.R. at 112-218. Perez subsequently amended his Petition and filed a Response to the Plea. *Id.* at 220-225, 226-409, 410-415. The District filed its Reply on November 12, 2014. *Id.* at 416-426.

The trial court granted the Plea, dismissing Perez' whistleblower and reasonable expectation of contract renewal claims on December 17, 2014. *Id.* at 427. Perez appealed. *Id.* at 428, 430. Perez filed his Brief on April 1, 2015. After receiving an extension, the District now timely files its Brief of Appellee, requesting that the Court affirm the trial court's order.

## Summary of the Argument

The trial court properly granted the District's Plea to the Jurisdiction. In Perez' Second Amended Complaint, Perez failed to state a valid, cognizable claim under the Texas Whistleblower Act. Perez' alleged whistleblower complaint was made *after* his contract was not renewed; he failed to exhaust his administrative remedies and failed to timely file his whistleblower claim. Because he did not state a valid claim, the District's immunity from suit was not waived and the court lacked jurisdiction over the claims.

Additionally, Perez failed to state a valid, cognizable claim for breach of reasonable expectation of contract renewal- whether as a contractual claim or as a constitutional claim. Perez did not have a constitutional property interest in the renewal of his contract and was not denied due process. Additionally, Perez' contract claim does not fall under Chapter 271 of the Local Government Code, and as a result, the District's immunity from such claim was not waived. Additionally, Perez failed to exhaust his administrative remedies for his contractual or constitutional breach of reasonable expectation of contract renewal claims. The court lacked jurisdiction over those claims and properly dismissed them.

For these reasons, this Honorable Court must affirm the trial court's order dismissing Perez' claims against the District.

## Argument

### A. Standard of Review

Whether a court has jurisdiction is a question of law that is reviewed *de novo. City of Elsa v. Gonzalez,* 325 S.W.3d 622, 625 (Tex. 2010) (per curiam); *see McClain v. Lufkin Indus. Inc.,* 519 F.3d 264, 272 (5th Cir.), *cert. denied* 555 U.S. 881 (2008).* Subject matter jurisdiction can be raised any time. *See Alfonso v. Skadden,* 251 S.W.3d 52, 55 (Tex. 2008), *cert. denied,* 555 U.S. 944 (2008). In this case, Perez is challenging the trial court's order granting the District's Plea to the Jurisdiction, dismissing Perez' whistleblower claims and claims for breach of reasonable expectation of contract renewal.

When reviewing a ruling on a plea to the jurisdiction, a court construes the allegations in a petition as true and construes them in favor of the pleader. *Bexar County v. Lopez*, 94 S.W.3d 711, 713 (Tex. App.—San Antonio 2002, no pet). A court is not required, however, to look solely to the pleadings, but may consider evidence and must do so when necessary to resolve the jurisdictional issues raised. *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 555 (Tex. 2000). In deciding a plea to the jurisdiction, a court must not weigh the merits of the claim, but should consider only Perez' pleadings and the evidence pertinent to the jurisdictional inquiry. *County of Cameron v. Brown*, 80 S.W.3d 549, 555 (Tex. 2002).

Typically, the purpose of a plea to the jurisdiction is to defeat an action "without regard to whether the claims asserted have merit." *Bland,* 34 S.W.3d at 554; *see Mission Consol. Indep. Sch. Dist. v. Garcia,* 372 S.W.3d 629, 635 (Tex. 2012). As a result, the plea challenges whether the plaintiff has alleged facts sufficient to confer jurisdiction on the court. *Garcia,* 372 S.W.3d at 635. "However, a plea to the jurisdiction can also properly challenge the *existence* of those very jurisdictional facts. In those cases, the court can consider evidence as necessary to resolve any dispute over those facts, even if that evidence 'implicates both the subject-matter jurisdiction of the court and the merits of the case.'" *Id.* (quoting *Tex. Dep't of Parks & Wildlife v. Miranda,* 133 S.W.3d 217, 226 (Tex. 2004).

In cases against a governmental entity, the plaintiff's prima facie case implicates **both** "the merits of the claim *and* the court's jurisdiction because of the doctrine sovereign immunity," which deprives the court of jurisdiction absent consent to sue. *Garcia,* 372 S.W.3d at 635-36. To overcome sovereign immunity, a plaintiff must plead the elements of her cause of action so that the trial court can determine whether she has sufficiently alleged a violation or cause of action from which immunity has been waived. *See Garcia,* 372 S.W.3d at 637-38; *State v. Lueck,* 290 S.W.3d 876, 884 (Tex. 2009). The plaintiff "will only be required to

submit evidence if the defendant presents evidence negating one of those basic facts." *Garcia,* 372 S.W.3d at 637; *see Miranda,* 133 S.W.3d at 228. Although the Texas Supreme Court has cautioned that the inquiry into the facts should not involve a "significant inquiry into the substance of the claims," the Court has stated that "*some* inquiry is necessary because if…plaintiffs were allowed to stand on talismanic allegations alone, the constraining power of pleas to the jurisdiction would practically be eliminated." *Garcia,* 372 S.W.3d at 637-38; *see Lueck,* 290 S.W.3d at 884.

The trial court has broad discretion to decide when an inquiry is too far reaching into the substance of the claims, warranting waiting on further development of the merits at a later stage or whether the inquiry is allowed for purposes of a jurisdictional assessment. *See Garcia,* 372 S.W.3d at 638. As held in *Lueck* and *Garcia,* "when the facts underlying the merits and subject-matter jurisdiction are intertwined, the State may assert sovereign immunity from suit by a plea to the jurisdiction, even when the trial court must consider evidence 'necessary to resolve the jurisdictional issues raised.'" *Lueck,* 290 S.W.3d at 880 (quoting *Bland,* 34 S.W.3d at 555). The elements of a plaintiff's claim, although typically a merits-based inquiry, is necessarily a jurisdictional inquiry when sovereign immunity is alleged. *See Garcia,* 372 S.W.3d at 634-38 (holding that

elements of plaintiff's prima facie case for age discrimination were jurisdictional and thus merits-based inquiry was necessary in plea to jurisdiction based on immunity); *Lueck,* 290 S.W.3d at 881 (finding factual inquiry into whether plaintiff could establish elements of his whistleblower claim was necessary to resolve whether plaintiff had alleged violation of Whistleblower Act and thus a waiver immunity).

As in *Lueck* and *Garcia,* this case involves the assertion of sovereign immunity. Thus, the trial court properly could consider the elements of Perez' claims in determining whether immunity had been waived. The *Lueck* court held that while special exceptions and motions for summary judgment were certainly available to the defendant, the court has "never held that the State is precluded from challenging pleadings in a plea to the jurisdiction when it could have done so via special exceptions or motions for summary judgment." *Lueck,* 290 S.W.3d at 884; *see also Miranda,* 133 S.W.3d at 225-26.

As set out below, the trial court properly granted the District's Plea to the Jurisdiction.

**B.** **The trial court lacked jurisdiction over Perez' claims under the Texas Whistleblower Act.**

The Whistleblower Act states that a governmental entity "may not suspend

or terminate the employment of, or take other adverse personnel action against, a public employee who in good faith reports a violation of law by the employing governmental entity or another public employee to an appropriate law enforcement authority." TEX. GOV'T CODE § 554.002(a). Thus, the elements of a whistleblower claim are: (1) that the plaintiff was a public employee, (2) that the defendant was a state or local governmental entity, (3) that the plaintiff reported in good faith a violation of law (4) to an appropriate law enforcement agency, and (5) that the plaintiff's report was the but-for cause of the defendant's adverse employment action. *See* TEX. GOV'T CODE § 554.002(a); *Tex. Dep't of Human Servs. v. Hinds*, 904 S.W.2d 629, 636 (Tex. 1995); *Scott v. Godwin*, 147 S.W.3d 609, 621 (Tex. App.-Corpus Christi 2004, pet. dism'd).

In this case, Perez cannot establish causation or that he reported a violation of law to appropriate law enforcement authority. Additionally, the court lacked jurisdiction because he failed to exhaust his administrative remedies and did not timely pursue his administrative grievance or his suit.

1. *Perez cannot establish causation.*

For the causation element, Perez must show that his report to a law enforcement authority caused him to suffer the complained-of adverse personnel action. *City of Fort Worth v. Zimlich*, 29 S.W.3d 62, 67 (Tex. 2000); *Canutillo*

*Indep. Sch. Dist. v. Farran*, 409 S.W.3d 653, 656 (Tex. 2013). "To show causation, a public employee must demonstrate that *after* he or she reported a violation of the law in good faith to an appropriate law enforcement authority, the employee suffered discriminatory conduct by his or her employer that would not have occurred when it did if the employee had not reported the illegal conduct." *Farran,* 409 S.W.3d at 656 (quoting *Zimlich,* 29 S.W.2d at 67).

In *Farran,* the discharged employee had already been told, months prior to his report to the FBI, of his employer's intention to terminate him. *Id.* To prevail on a theory that the FBI report caused his termination, the *Farran* plaintiff would have had to show that, but for that report, the school district would have changed its mind and retained him. *Id.* The *Farran* Court found that there was legally insufficient evidence from which a reasonable and fair-minded finder of fact could make a finding of causation when the evidence showed that the employee made the whistleblower report *after* he received notice that he was going to be terminated. *Id.; see Miranda*, 133 S.W.3d at 228 (holding that when parties submit evidence at plea to the jurisdiction stage, review of the evidence generally mirrors the summary judgment standard); *Goodyear Tire & Rubber Co. v. Mayes,* 236 S.W.3d 754, 755 (Tex. 2007) ("An appellate court reviewing a summary judgment must consider whether reasonable and fair-minded jurors could differ in their

conclusions in light of all the evidence presented.").

Here, like *Farran*, Perez was given a poor evaluation and was told that his contract was not being renewed ***before*** he made any alleged report to TEA or other appropriate law enforcement authority. Perez' deposition testimony clearly proved that he made his report to TEA *after* he was notified that his contract was not going to be renewed. On or about February 5, 2010, then Assistant Superintendent for Support Services, Dr. Ruben Alejandro, informed Perez of his decision to recommend that Perez' contract not be renewed. *See* C.R. 139-141.

At his deposition, Perez conceded that Dr. Alejandro presented him with his evaluation on February 5, 2010, and at that time knew his contract would not be renewed for the next year.

> Q: What did he tell you? That everything was great?
> A: No. He just showed me the evaluation. And I know it was not true. And I already kind of know what was – what it meant.
> Q: What did you think it meant?
> A: I didn't have a renewal for the following year.

*See* C.R. at 182:18-25. Perez further testified that although he did not look at his evaluation at the meeting with Dr. Alejandro on February 5, he knew his contract was going to be non-renewed:

> Q: Okay. Any you—you—he told you – at least he put in here, Nonrenewal of contract; is that correct?
> A: I don't know. I don't know if he signed it then or he did it later or when I signed it in May.

Q:     Okay.  Well, if he did it there, and he showed it to you, you don't remember if he showed it to you?
A:     I didn't look at it, sir?
Q:     Why didn't you look at it?
A:     I didn't want to look at it.
Q:     Why not?
A:     I didn't like the evaluation.
Q:     Okay.  You knew you were going to be non-renewed?
A:     Yes.

*See* C.R. at 183:6-21.  Perez unequivocally admitted that he first knew that his contract was being non-renewed on February 5, 2010:

Q:     All right.  Regardless of when you obtained that evaluation, it's your testimony, under oath, that you've provided to us, that you knew you were being non-renewed on February 5th, 2010; is that correct?
Mr. Haren:  Object to the form
Q:     I mean, you've already testified to that three or four time, sir?
Mr. Haren:  Object to the form.
A:     Yes.

*See* C.R. at 197: 20 – 198:3; *see also* 183:19-21.

Indeed, Perez testified to the same facts to the Texas Workforce Commission during his unemployment hearing:

Q:     In fact, you even told the Workforce Commission the same thing, that you were aware of that and you just didn't want to sign it because you didn't agree with it?
A:     Yes.

*See* C.R. at 198:4-8. Perez testified that he did not make reports of any illegal conduct to anybody before February 5, 2010:

Page 13

Q:     Before we go into that, let me just finish here.  Prior to February 5th, 2010, you did not report any illegal conduct to anybody, did you?
Mr. Haren:   Objection to the form.
A:     No.

*See* 189:5-9.

Perez clearly cannot prove the causation element of his whistleblower claim; the District simply could not retaliate against Perez for making a report of a violation of law to the Texas Education Agency on June 17, 2010 when Perez had already been informed of the adverse employment action months earlier on February 5, 2010.

In his Brief, Perez tries to create a fact issue regarding timing based on his Affidavit, which contradicts his deposition testimony.  *See* Brief of Appellant at 6-7; *see also* C.R. at 255-256 at ¶8-9.  Perez' affidavit was signed on October 28, 2014 for purposes of supporting his Response to the Plea to the Jurisdiction filed that same date, two months after his August 27, 2010 deposition.  *See* C.R. at 178, 255-258.  However, "[a] party cannot file an affidavit to contradict his own deposition testimony without any explanation for the change in the testimony, for the purpose of creating a fact issue to avoid summary judgment." *Farroux v. Denny's Restaurants, Inc.*, 962 S.W.2d 108, 111 (Tex. App.—Houston [1st Dist] 1997, no pet.). Without an explanation of the change in testimony, the court

assumes the sole purpose of the affidavit was to avoid summary judgment. *Id.* "As such, it presents merely a 'sham' fact issue." *Id.* If a subsequent affidavit clearly contradicts the witness' earlier testimony involving material points, providing no explanation for the discrepancy, the affidavit must be disregarded and cannot defeat the dispositive motion. *See Cantu v. Peacher*, 53 S.W.3d 5, 9-11 (Tex. App. – San Antonio 2001, writ denied).

Here, Perez' post-deposition affidavit did not explain the discrepancies concerning his testimony on the material issue of timing and causation. As such, it did not create a fact issue on causation. Knowing he was being non-renewed, Perez then made a complaint to TEA. The timing is clear – Perez' report was not a causative factor in his non-renewal, his report occurring months after being told his contract would not be renewed. Perez' inability to prove an element of his whistleblower claim deprived the court of jurisdiction over the claim; the District retained its immunity. The trial court properly granted the Plea on the whistleblower claim.

2. *Perez cannot establish he reported a violation of law to the appropriate law enforcement authority.*

Regarding reporting to an appropriate law enforcement authority, Perez appears to concede that any alleged report to the superintendent, school

administration, or School Board are not "appropriate law enforcement authorities," arguing only that he believed the TEA was the appropriate enforcement authority over his reported concerns. *See* Brief of Appellee at 10-13; *see also University of Tex. S.W. Med. Ctr. v. Gentilello,* 398 S.W.3d 690 (Tex. 2013). However, he did not report any alleged violations of law to TEA until *after* he was notified that he was being non-renewed. No report to appropriate enforcement authority occurred prior to his notice of non-renewal.

3. *Perez failed to properly initiate and meaningfully participate in the administrative process.*

Perez argues that he was only required to *initiate* the District's grievance process and was not required to *exhaust* that process. *See* Brief of Appellant at 13-14. He concedes that he filed a Level One grievance, one step out of the District's three step grievance process. He contends that his filing of a Level One grievance, without further participation in the grievance process was sufficient under the statute.

The Whistleblower Act provides that an employee "must initiate action under the grievance or appeal procedures" before filing suit. TEX. GOV'T CODE §554.006 (a). If a final decision is not rendered before the 61st day after the date procedures are initiated, the employee may elect to exhaust the applicable

procedures or file suit." *Id.* at §554.006 (d). The purpose of this provision is to afford the District an opportunity to investigate and correct its errors and to resolve disputes before incurring the expense of litigation. *University of Tex. Med. Branch v. Barrett,* 159 S.W.3d 631, 632 (Tex. 2005); *see West Houston Charter Sch. Alliance v. Pickering,* No. 01-10-00289, 2011 WL 3612288 at *8 (Tex. App. − Houston [1ˢᵗ Dist.] 2011, no pet.).

This statutory provision does not entitle an employee to "opt out" of the exhaustion process altogether if the public entity cannot render a final decision within the statutory period. *Gregg Cnty. v. Farrar*, 933 S.W.2d 769, 776-77 (Tex. App. - Austin 1996, writ denied). Instead, §554.006 means the employee is not required to wait more than 60 days for a final decision before filing suit. *Id.* This provision does not permit the employee to forego instituting the next step in the grievance process. *Id.; see Beiser v. Tomball Hosp. Auth.,* 902 S.W.2d 721, 724 (Tex.App.—Houston [1st Dist.] 1995, writ denied) (holding that invocation of uncertain grievance procedures tolled limitations period). The employee must give the employer the opportunity to hold its hearing, to be apprised of the fact that he planned to file suit against the District, and to correct any alleged retaliatory employment decision on its own. *Farrar,* 933 S.W.2d at 776-77. Failure to comply with the statutory requirements deprives the court of jurisdiction. *Id.; see*

*also* TEX. GOV'T CODE §311.034

Moreover, merely filing a formal grievance, but refusing to participate in the grievance hearing itself does not constitute initiating the grievance process as contemplated by the statute. *Aguilar v. Socorro Indep. Sch. Dist.,* 296 S.W.3d 785, 789-90 (Tex. App. – El Paso 2009, no pet.). *But see Fort Bend Indep. Sch. v. Gayle,* 371 S.W.3d 391 (Tex. App. – Houston [1st Dist.] 2012, pet. denied).

In this case, Perez acknowledges that he only initiated the grievance process by filing a Level One complaint and did not file any subsequent appeals to Level Two or to Level Three before the School Board. Instead, he delayed any Level One meeting with the school, dragging out the process until he could file suit. Perez filed an incomplete grievance and delayed providing a complete grievance package; and he further delayed setting a grievance hearing while the parties discussed possible settlement and mutually agreeable dates for a hearing. *See* C.R. at 140-141, 298-339, 420. He did not provide the District with a meaningful opportunity to investigate the matter during the initial 60 days. Because Perez failed to initiate and meaningfully participate in the grievance process provided by the District, the trial court lacked jurisdiction to hear his whistleblower suit.

4. *Plaintiff failed to file his grievance and this suit within the applicable limitations period.*

An employee must file a whistleblower grievance with his employer under the employer's grievance policy within 90 days of the violation or learning of the violation. TEX. GOV'T CODE §554.006(b). Any lawsuit brought under the Whistleblower Act must be brought within 90 days of the alleged violation or discovery of the violation; any time spent in the grievance process is excluded from the 90 day limitations period. TEX. GOV'T CODE §554.005; §554.006. Here, Perez learned of the non-renewal of his contract on February 5, 2010. *See* C.R. at 182:18-25, 183:6-21, 189:5-9, 197:20-198:3, 198:4-8; *see also* C.R. 255-257. He did not timely initiate the grievance process; instead, he filed his grievance on July 5, 2010. *See* C.R. at 167, 412. Any grievance (or lawsuit) concerning the adverse employment action concerning his evaluation or non-renewal was due before May 3, 2010, that is, 90 days after he was put on notice of his non-renewal on February 5. Nevertheless, Perez's grievance was over 60 days late. Having failed to bring his grievance within the applicable period, Perez failed to properly exhaust his whistleblower claim, depriving the court of jurisdiction.

**C. The trial court lacked jurisdiction over Perez' contractual and constitutional claims for "breach of reasonable expectation of contract renewal claims."**

Perez claims that the District breached, as an implied term of his contract, his reasonable expectation of contract renewal and violated his due process/due

course of law right to reasonable expectation of contract renewal. *See* Brief of Appellee at 15-16. The court lacks jurisdiction over both claims.

       1.       *<u>Perez was not deprived due process.</u>*

Subject-matter jurisdiction cannot be waived and can be raised for the first time on appeal. *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 443–45 (Tex.1993). Although the lack of jurisdiction concerning the due process claim was not addressed in detail in the underlying Plea, it is addressed here.

To establish his prima facie due process claim, Perez must prove that (1) he was deprived of a protected interest, either in liberty or property, and (2) he was deprived of the process to which he was due, either through the due process clause itself or state law. *See Hannemann v. Southern Door Cnty Sch. Dist.*, 673 F.3d 746, 752 (7th Cir. 2012); *see also Kentucky Dep't of Corr. v. Thompson*, 490 U.S. 454, 460 (1989); *University of Tex. Med. Sch. at Houston v. Than*, 901 S.W.2d 926, 929 (Tex.1995) (holding that although Texas Constitution refers to "due course" rather than the U.S. Constitution's "due process," the phrases are not meaningfully distinct and federal interpretations of procedural due process are persuasive authority when interpreting Texas' "due course" guarantee). The range of interests protected by procedural due process is not infinite. *Board of Regents of State Colleges v. Roth,* 408 U.S. 564, 569-70 (1972); *Hannemann*, 673 F.3d at 752.

The essential requirements of due process are notice and an opportunity to be heard. *See Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 546 (1985). Procedural due process does not require that Perez be afforded a "trial-type" hearing. *See Robison v. Wichita Falls & N. Tex. Comty. Action Corp.*, 507 F.2d 245, 252 (5th Cir. 1975); *Mitchell v. Beaumont Indep. Sch. Dist.,* No. 1:05-CV-195, 2006 WL 2092585 at *11 (E.D. Tex. July 25, 2006). A public employer deprives the employee of a liberty interest only when it denies his request for an opportunity to contest the charges and clear his name. *Rosenstein v. City of Dallas, Tex.,* 876 F.2d 392, 395-96 (5th Cir. 1989), *cert. denied,* 488 U.S. 855 (1990).

In the case at bar, Perez did not have a property interest in the renewal of his contract and he received any process to which he was due. He admits that he received notice of his non-renewal and knew the District had a grievance policy and procedure in place to appeal that decision. He in fact filed such a grievance. Perez did not plead that he did not receive notice or did not receive a hearing. By Perez' own admission, his complaints were heard at Level One in the grievance process and he did not further pursue the grievance process. Having alleged he had notice and a grievance hearing, Perez has failed to plead a due process violation.

Further, Perez has failed to plead that any property interest was involved. Perez, as a non-certified administrator, did not receive a Chapter 21 employment

contract, as do certified school employees, instead he received a one year term contract for "Non-Certified Administrator Position." *See* C.R. at 142-144. The term for his contract expired on its own terms on or about June 21, 2010. *Id*. His contract expressly stated: "**Term.** This District agrees to employ the Employee on a 12 month basis for the 2009-2010 school year(s), according to the hours and dates set by the District as they exist or may hereafter be amended." *See* C.R. at 142. Additionally, the contract provides, "**Termination of contract.** This Contract will terminate at the end of the contract term…in accordance with applicable law and Board policy." *Id.* at 143. Board Policy DCE(Local) clearly states that such contract does not create a property interest in Perez' position, and that no property interest exists beyond the time period set out in the contract. *Id.* at 146.

A contract of a definite term that expressly states the employment was only for the length of the contract does not create a reasonable expectation of renewal. *See Bates v. Texas State Tech. College,* 983 S.W.2d 821, 830 (Tex. App. – Waco 1998, pet. denied). "To have a property interest in public employment, a person must have more than a unilateral expectation, he must have a claim of entitlement." *Govant v. Houston Comm. College Sys.,* 72 S.W.3d 69, 76 (Tex. App. – Houston [14th Dist.] 2002, no pet.); *see also Board of Regents v. Roth,* 408 U.S. 564, 576

(1972). A mere expectation is not a constitutionally protected property interest. *Govant,* 72 S.W.3d at 76*; see also Nelson v. Clements,* 831 S.W.2d 587, 591 (Tex. App.—Austin 1992, writ denied). Indeed, an employee employed under a term contract "has no vested property interest in the renewal of the contract and the employee cannot show an entitlement to renewal when the employer 'merely declined to offer him another year of employment.'" *Sullivan v. University of Tex. Health Science Center,* No. 01-08-00327-CV, 2008 WL 5179023 at *4 (Tex. App. –Houston [1ˢᵗ Dist.] 2008, pet. denied), *cert. denied,* 130 S.Ct. 471 (2009); *see Govant,* 72 S.W.3d at 76. Perez clearly does not have any property interest in continued employment, and as a result, cannot state a viable claim for due course of law violation. Thus, the court lacked jurisdiction over such claim. *See Sullivan,* 2008 WL 5179023 at *4

   2. *The District is immune from Perez' breach of implied contract claim.*

Additionally, Perez' claim for breach of implied contract term of "reasonable expectation of contract renewal" is barred by governmental immunity. The Texas Supreme Court has made clear that it is the province of the Legislature to consent to a suit against a governmental entity. *Tex. Nat. Res. Conservation Comm'n v. IT-Davy*, 74 S.W.3d 849, 853 (Tex. 2002). "We have consistently deferred to the Legislature to waive sovereign immunity from suit, because this

allows the Legislature to protect its policymaking function." *Id.* at 854. To ensure that the Legislature's control is not lightly disturbed, a waiver of immunity must be clear and unambiguous. *Tooke v. City of Mexia,* 197 S.W.3d 325, 332-33 (Tex. 2006). As a consequence, a party suing a school district under state law must establish consent to suit, "which may be alleged either by reference to a statute or to express legislative permission." *Tex. Dep't. of Transp. v. Jones*, 8 S.W.3d. 636, 638 (Tex. 1999). Absent consent to suit, a trial court lacks subject matter jurisdiction. *Id.*

Local Government Code, Chapter 271, Subchapter I provides a limited waiver of immunity to suit for certain claims arising under written contracts. The Texas Supreme Court has repeatedly addressed the statutory waiver of immunity contained in section 271.152 of the Texas Local Government Code, and in each of these cases, the Court recognized that section 271.152 provides a limited waiver of immunity from suit under the specific circumstances defined by the statute. *See Tooke*, 197 S.W.3d. at 344-345; *Columbus Indep. Sch. Dist. v. Five Oaks Achievement Ctr.*, 197 S.W.3d 384, 385-86 (Tex. 2006) (per curiam); *Satterfield & Pontikes Constr., Inc. v. Irving Indep. Sch. Dist.*, 197 S.W.3d 390, 391 (Tex. 2006) (per curiam). Section 271.152 waives immunity from suit regarding a claim for breach of contract against a "local governmental entity" authorized by statute or

the constitution to enter into a contract. TEX. LOCAL GOV'T CODE § 271.152. A "local government entity" is a political subdivision of the State, including a public school district. *See id.* Accordingly, under section 271.152, political subdivisions that enter into contracts "subject to this subchapter waive sovereign immunity to suit for the purpose of adjudicating a claim for breach of the contract." *Id.*; *see also Tooke*, 197 S.W.3d at 344-45. Under Chapter 271, contracts subject to the waiver include only "written contract[s] stating the essential terms of the agreement for providing goods or services to the local governmental entity that [are] properly executed on behalf of the local government entity." TEX. LOCAL GOV'T CODE § 271.151(2).

Recognizing that the plain language of Chapter 271 is limited to *written* contract claims only, two Texas courts of appeals have held that Chapter 271 does not waive immunity for claims of promissory estoppel and quantum meruit. *See H & H Sand and Gravel, Inc. v. City of Corpus Christi,* No. 13-06-00677-CV, 2007 WL 3293628 at *3 (Tex. App. –Corpus Christi 2007, pet. denied); *City of Houston v. Swinerton Builders, Inc.*, 233 S.W.3d 4, 12-13 (Tex. App. –Houston [1st Dist.] 2007, no pet.). Like these Chapter 271 cases, here, there is no express consent to maintain a suit against the District for breach of an implied contract term for "reasonable expectation of contract renewal." Perez' alleged implied right to

contract renewal was not part of a written contract and as a result does not fall within the waiver of immunity under Chapter 271. The District is immune from such claims, depriving the trial court of jurisdiction.

3. *Perez failed to exhaust his administrative remedies for his breach of reasonable expectation of contract renewal.*

a. *Implied contract claim*

Whether Perez brings this claim as a constitutional claim or a contract claim, he was required to first exhaust his administrative remedies concerning the claim. The claim necessarily entails alleged implied contractual terms. As this Court previously decided in the earlier appeal, Perez was required to and failed to exhaust his administrative remedies on his previous breach of contract claim based on the same underlying facts. *See Weslaco Indep. Sch. Dist. v. Perez,* NO. 13-12-00581-CV (Tex. App. – Corpus Christi-Edinburg July 25, 2013, no pet.); *see also* C.R. at 213-217.

His alleged implied contractual terms were likewise subject to the exhaustion requirement, falling under section 7.057 (a)(2)(B) of the Texas Education Code. The Commissioner of Education has exclusive jurisdiction over claims involving the "school laws" of the state, including nonrenewal or breach of a school employee's contract. *See id.;* TEX. EDUC. CODE §7.057(a)(2)(B) (giving

Commissioner exclusive jurisdiction over appeals involving provisions of written employment contracts between school district and employee if violation would cause monetary harm). Perez' claim that an implied term to his contract existed and was violated falls under the Commissioner's jurisdiction. It is undisputed that Perez did not exhaust his administrative remedies on this claim with the District or appeal to the Commissioner. As a result, the court lacked jurisdiction over Perez' claim for breach of an implied contract term for "reasonable expectation of contract renewal."

b. *Constitutional claim*

Regarding his constitutional claim for violation of due course of law for breach of reasonable expectation of contract renewal, Perez' constitutional claim likewise was subject to the exhaustion requirement. Although some courts consider constitutional claims exempt from the exhaustion requirement, courts have recognized that exhaustion is still required when a constitutional issue involves the administration of school laws and turns on fact issues. *See Poole v. West Hardin County Consolidated Independent School District*, 385 S.W.3d 52 (Tex.App.-Beaumont 2011), *rev'd on other grounds,* 384 S.W.3d 816 (Tex.2012); *Janik v. Lamar Consolidated Independent School District,* 961 S.W.2d 322, 323 (Tex.App.-Houston [1st Dist.] 1997, writ denied). Additionally, some courts have

held that the constitutional exception only applies to *federal* constitutional claims, not *state* constitutional claims. *See e.g., Jackson v. Houston Indep. Sch. Dist.,* 994 S.W.2d 396, 402 (Tex. App. – Houston [14th Dist.] 1999, no writ); *Janik,* 961 S.W.2d at 323; *Hicks v. Lamar Consol. Indep. Sch. Dist.,* 943 S.W.2d 540, 543 (Tex. App. – Eastland 1997, no writ). *But see Dallas Cen. Appraisal Dist. v. Hamilto*n, No. 05-99-01401-CV, 2000 WL 1048537, at *6 (Tex. App. - Dallas July 31, 2000, writ dism'd) ("[I]ssue turns not on whether a constitutional claim is federal or state, but whether the claim raises solely issues of law or is mixed with questions of fact.")

Where the constitutional claims "are only ancillary to and supportive of" a complaint about the school district's application of school law, the complainant must first exhaust the administrative process. *Dotson v. Grand Prairie Indep. Sch. Dist.,* 161 S.W.3d 289, 291–92 (Tex. App. - Dallas 2005, no pet). In addition, a party who alleges a constitutional claim must first exhaust available administrative remedies that may moot the constitutional claim. *See El Paso Indep. Sch. Dist. v. McIntyre,* No. 08-11-00329-CV, 2014 WL 3851313 at *9 (Tex. App. – El Paso Aug. 6, 2014, pet. denied).

Perez' constitutional claim for reasonable expectation of contract renewal necessarily relates to the exact claim he is making for breach of an implied contract

term, which falls directly under section 7.057 of the Education Code, as discussed *supra.* The determination of any factual issues concerning the alleged implied contractual term and employment contract will necessarily affect his constitutional claim. The factual issues are intertwined. His constitutional claims are only brought under the Texas Constitution, not the federal constitution. The fact that Perez brought only state constitutional claims and said claims involve fact issues involving analysis of the school laws, the exception to exhaustion does not apply to this case.

Perez clearly was not excused from exhausting his claims before the Board or the Commissioner simply by asserting constitutional claims. *See McIntyre,* 2014 WL 3851313, at *9. This Court has already determined that Perez failed to exhaust his administrative remedies for a breach of contract claim under District policy as well as under the Education Code. *See Weslaco Indep. Sch. Dist. v. Perez,* No. 13-12-00581-CV (Tex. App. – Corpus Christi-Edinburg July 25, 2013, no pet.); *see also* C.R. at 213-217. Because Perez failed to pursue his grievance or appeal to the Commissioner, he failed to exhaust his administrative remedies on his constitutional claims, and the court properly dismissed the claims for lack of jurisdiction.

The trial court's order should be affirmed.

## CONCLUSION AND PRAYER

WHEREFORE, PREMISES CONSIDERED, the District prays that this Court affirm the trial court's Order. The District requests that the Court grant all such other and further relief, special or general, at law or in equity, to which the District shows itself justly entitled.

Respectfully submitted,
**WALSH, GALLEGOS, TREVIÑO RUSSO & KYLE, P.C.**
**STACY T. CASTILLO**
Texas Bar No. 00796322
scastillo@wabsa.com
**D CRAIG WOOD**
Texas Bar No. 2188870
cwood@wabsa.com
**MIGUEL A. SALDAÑA**
Texas Bar No. 17529450
msaldana@wabsa.com
100 N.E. Loop 410, #900
San Antonio, Texas 78216
(210) 979-6633
(210)979-7024 (telecopier)

/s/ Stacy Castillo
STACY T. CASTILLO
State Bar No. 00796322

ATTORNEYS FOR APPELLEE
WESLACO INDEPENDENT SCHOOL
DISTRICT

## CERTIFICATE OF SERVICE

I do hereby certify that a true and correct copy of the foregoing Brief of Appellee was on this 4th day of June 2015, served on the following via electronic service:

Attorneys for Appellee:

**Andrew K. Meade**
**Samuel B. Haren**
Hawash Meade Gaston Neese & Cicack, LLP
2118 Smith Street
Houston, Texas 77002

/s/ Stacy Castillo
STACY T. CASTILLO

## RULE 9.4 (i) Certification

In compliance with Texas Rule of Appellate Procedure 9.4(i)(3), I certify that the number of words in this brief, excluding those matters listed in Rule 94.(i)(1), is 6,368.

<div align="center" style="margin-left:50%">

**/s/ Stacy Castillo**
**STACY TUER CASTILLO**

</div>